UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
GARRETT LUND,                                )   No. C16-1653RSL
                                             )
            Plaintiff,                       )
                                             )
     v.                                      )   ORDER DENYING MOTIONS FOR
                                             )   SUMMARY JUDGMENT
UNITED STATES POSTAL SERVICE,                )
                                             )
            Defendant.                       )
_____)

This matter comes before the Court on "Plaintiff's Motion for Partial Summary Judgment on Negligence and Causation" (Dkt. # 14) and the "United States' Motion for Summary Judgment" (Dkt. # 15). Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for

the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014). In essence, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Judgment should be entered where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

The evidence in this case supports two distinct story lines. In the first story, the driver of a U.S. Postal Service truck stopped wholly within the lane of southbound traffic to deliver mail at 15124 Euclid Avenue NE on Bainbridge Island. Her hazard lights were flashing. Plaintiff, who was on a motorcycle, either failed to see the vehicle stopped in the road ahead of him or attempted to pass the Postal Service truck but misjudged the distance between the left rear bumper and the center line. When the Postal Service driver finished delivering the mail, she pulled straight forward from the mailbox: moments later, plaintiff crashed into the left rear of the vehicle.

The second story line starts much the same way, except that the driver pulled off the road to get easier access to the mailbox, placing the right wheels of the Postal Service vehicle one to two feet across the white fog line. Plaintiff, approaching from the rear, attempted to pass the truck in the approximately five feet of space between the left rear bumper and the center line.

---

[1] The Court has not considered the Washington State Department of Licensing Driver Guide. Plaintiff's request to strike the entire Declaration of Wilson C. "Toby" Hayes (Dkt. # 17) on the ground that it lacks foundation is denied.

His headlamp was lit. The Postal Service driver did not look in her mirrors or use her turning signal before pulling away from the mailbox, crossing the fog line, and centering her truck within the lane of traffic. She never saw plaintiff before the accident. The Postal Service vehicle moved laterally approximately three feet within a few seconds: the gap between the truck and the yellow line through which plaintiff was intending to pass closed. Plaintiff applied his brakes and attempted to adjust course, but collided with the left rear corner of the truck. He was thrown forward across the center line and into the northbound lane of traffic.

Under Washington law, when two vehicles are traveling in the same direction, "the primary duty of avoiding a collision rests with the following driver" who has a "duty to keep such distance from the car ahead and maintain such observation of that car that an emergency stop may be safely made." Miller v. Cody, 41 Wn.2d 775, 778 (1953). To satisfy the duty of care imposed on the following driver, he or she must "allow[] for those actions which should be anticipated under the circumstances." Ryan v. Westgard, 12 Wn. App. 500, 505 (1975). Crashing into a car from behind raises an inference, presumption, or prima facie showing of negligence that can be overcome "by evidence that some emergency or unusual condition not caused or contributed to by the following driver caused the collision, in which event the liability of the following driver becomes a jury question." Vanderhoff v. Fitzgerald, 72 Wn.2d 103, 106 (1967).

The outcome of this case depends in large part on whether the U.S. Postal Service vehicle was off the side of the road and had to swerve to the left, into the roadway, when it left the mailbox at 15124 Euclid Avenue NE. The evidence in the record could support findings that favor either party on this issue. The driver has stated that she remained entirely in the lane of traffic and was merely pulling forward from the mailbox when plaintiff ran into her. If that were the case, she would owe no duty of care as a merging driver and plaintiff would not be able to show an emergency or unusual condition to overcome the following driver presumption of negligence. Measurements taken at the scene and the calculations of defendant's expert throw doubt on the driver's contention, however. The final resting place of the vehicle was more than 4

feet west of the face of the mailbox, the front of the vehicle was angled back toward the side of the road, and the driver's reach, including a reasonable adjustment of her torso angle, was calculated to be too short to span a distance of 4 feet. In addition, there are tire tracks at the mailbox suggesting that the owners, the Postal Service, or both pull off the roadway to access the box. There is, therefore, evidence from which one could conclude that the Postal Service vehicle was partially off the road and moved left into and upon the roadway after it left the mailbox. This dispute must be resolved by the fact finder. If the facts show that plaintiff simply ran into an essentially static object that was blocking the road in front of him through inattention or because he misjudged the location of the vehicle, he would be negligent under the following driver rule. If, however, the facts show that plaintiff was making an attempt to pass a vehicle that had pulled off the side of the road when the driver of that vehicle, without looking or warning, pulled back into the lane of traffic, the fact finder could find that the Postal Service driver did not exercise reasonable care and that the failure proximately caused the accident.[2]

//

//

//

---

[2] Both parties mention potential statutory violations on the part of the drivers. Plaintiff may have been passing a vehicle in the same lane in violation of RCW 46.61.608(2) and the U.S. Postal Service driver may have moved left upon the roadway before it was reasonably safe and without giving an appropriate signal in violation of RCW 46.61.305. The underlying factual disputes regarding whether the Postal Service truck was off the side of the road and whether/how much it moved laterally on the roadway must be resolved before it can be determined whether these violations occurred and whether they establish negligence per se.

The parties do not address whether comparative fault principles apply if both plaintiff and defendant were negligent.

ORDER DENYING MOTIONS
FOR SUMMARY JUDGMENT            -4-

For all of the foregoing reasons, the parties' motions for summary judgment (Dkt. # 14 and #15) are DENIED. The Clerk of Court is directed to set this matter for trial on September 24, 2018.

Dated this 8th day of May, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge